FILED

2007 Dec-05  PM 02:49
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| ACE HARDWARE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | 6:06-CV-4866-LSC |
| CHARLES M. EARNEST d/b/a Case | ) | |
| Knife Outlet, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OF OPINION

This case was brought by Ace Hardware Corporation ("Ace") to enforce its trademark rights and to seek damages for breach of contract against Charles M. Earnest ("Earnest"), who had been operating an Ace Hardware store in Parrish, Alabama, until mid-December 2006, when his Ace Hardware Membership Agreement was terminated.  Because Earnest continued to display the ACE trademark on signs outside his business, and to use the Ace trademarks in other ways after termination of his Membership Agreement, Ace sought and obtained entry of a Preliminary

Injunction in this action, enjoining Earnest from further use of any mark owned by Ace, or any mark confusingly similar thereto. [Doc. 13].

Ace filed the following motions which are now before the Court:

1. Motion for  Sanctions and Other Relief [Doc. 10]

2. Motion  for Civil Contempt and Sanctions [Doc. 14]

3. Rule 37 Motion for An Order Compelling Defendant to Respond to Plaintiff's Discovery Requests and Plaintiff's Amendment thereto [Doc. 17 and 19].

An evidentiary hearing was held on April 17, 2007, on Plaintiff's Motion for Civil Contempt and Sanctions. The hearing was continued, and the parties later reported to the Court that the parties waived any further testimony and that any further arguments or affidavits would be filed with the Court.  The Court entered an Order requiring the parties to engage in mediation, and deferred ruling on all pending motions until after mediation. [Doc. 26].  The parties have reported that they have completed mediation and that Ace's motions are now due to be considered.

Having considered the Complaint and Defendant's Answer, Earnest's testimony at the April 17, 2007 hearing, the several affidavits filed by Ace in support of its motions, and the Report of the Parties'

Planning Meeting [Doc. 8], which includes an Agreed Summary of the case, the Court enters the following findings of fact and conclusions of law.

Defendant Charles M. Earnest (known as Mike Earnest) is a former licensee of Plaintiff, Ace Hardware Corporation, owner of the federally registered trademarks ACE HARDWARE, ACE, and other trademarks, including "THE HELPFUL PLACE" ("the ACE marks").  [Doc. 8, at 1-2]. The parties' Membership Agreement, dated January 4, 1995, authorized Earnest to operate a licensed Ace Hardware store in Parrish, Alabama. Beginning in approximately early 1995, Earnest operated a store in Parrish, Alabama, as an Ace Hardware store, where he displayed ACE and related ACE trademarks and used the ACE marks in other ways, such as on his web site. On December 2, 2005, Ace sent a letter to Earnest advising him that, unless he brought his account with Ace current, the parties' agreement would be terminated in ten days. *Id.*

Earnest did not make the payment demanded by Ace in the December 2, 2005 letter, and the agreement was accordingly terminated, effective December 13, 2005.  *Id.*

After the agreement was terminated, Earnest continued displaying ACE signs on the exterior of his building and used "ACE" in other ways,

such as on his web site www.caseknifeoutlet.com. At the time Earnest was served with the Complaint, his store continued to display "ACE" on his building and on an outdoor posted sign. *Id*.

Evidence submitted at the April 17, 2007 hearing showed that Earnest continued displaying the ACE mark at his store after the deadline set in the Preliminary Injunction Order for removal of all signs and other uses of ACE.  The preliminary injunction, issued March 27, 2007, required Earnest "to remove any and all signs and other uses of ACE or ACE Hardware from the building and premises of his business no later than noon on April 3, 2007."

According to evidence submitted in connection with Ace's Motion for Civil Contempt and Sanctions, the ACE mark continued to be visible from the exterior of Defendant's store until at least April 10, 2007.  At the hearing and also in discovery requests [Doc. 17-2], Defendant was asked the date when ACE (and all other ACE marks) were no longer visible or displayed at his store. Defendant did not answer the discovery requests, and at the hearing testified he did not know the date when all use of the ACE marks had ended.  The Court concludes that some use of the ACE marks continued until just before the hearing, or April 16, 2007.

During the time that Earnest operated as a licensed Ace Hardware store, and continuing to the present time, Earnest has been in the business of selling knives, both from his store and on his web site. As stated in the parties' Agreed Summary, Earnest continued to use the ACE marks on his web site after termination of his license agreement. In interrogatories, Earnest was asked for the date that all the ACE marks were removed from his web site [Doc. 17-2, int. 3]. Earnest has never answered that interrogatory, served in April 2007.

In the parties' Membership Agreement, Earnest had agreed to discontinue all use of the ACE marks promptly upon termination of the agreement. He also agreed that, should he not discontinue all use of the ACE marks, he would be obligated to pay Ace the sum of $10,000 per month for every month during which he continued to use any ACE mark. The agreement also provided that Earnest would be required to pay Ace's attorneys' fees.

Based on the evidence in the record, the ACE mark continued to be displayed at Earnest's store for sixteen months following the termination of his license agreement. Under the agreement, Earnest is obligated to pay Ace the sum of $160,000 for violation of this provision.

When the agreement was terminated, Earnest's account with Ace was in arrears. According to Ace, the amount still due, after giving Earnest all applicable credits, is $964.47. [Complaint at ¶15].

The Court finds that Earnest violated the Preliminary Injunction. Considering that Earnest continued using one or more of the ACE marks for sixteen months after termination of his agreement, and for a full four months after filing of the Complaint, and considering that the Preliminary Injunction was entered by consent and it gave Earnest an additional ten days to fully comply with its terms, Earnest's violation of the injunction is inexcusable and sanctionable.

The Court further finds that Earnest violated the Court's Order requiring Earnest to serve Initial Disclosures and answer certain limited discovery. Earnest's complete failure to have complied with the Order, and Earnest's complete failure to have answered or even to have served any objections to Ace's interrogatories, requests for admissions, or document requests, have prevented Ace from being able to gather information to support a claim for profits under the Lanham Act or to discover other relevant information for preparation of either a dispositive motion or trial.

Under the circumstances, the Court finds that an appropriate sanction is to enter judgment against Earnest for the money damages claimed by Ace, as well as Ace's attorneys' fees, which are recoverable both under the parties' agreement as well as under the Lanham Act in "exceptional" cases, 15 U.S.C. § 1117(b).  Ace has incurred $60,000 in attorneys' fees in this action.   The Court finds that this case is exceptional and that attorney fees will be awarded for the full amount of fees and expenses incurred by Ace. The Court further finds that a permanent injunction should be entered as part of the final judgment.

Ace is entitled to recover damages for breach of contract as well as for infringement under the Lanham Act, 15 U.S.C. § 1117(a).  Ace has advised the Court that, should it be awarded the full amount of its contract damages ($160,000 plus $964.47) and attorney fees ($60,000) it will not pursue a claim for Earnest's profits. Accordingly, judgment will be entered for the monetary amount of $220,964.47, along with a permanent injunction.

Done this 5th day of December 2007.

_____

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297